UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE ROSATI,

       Plaintiff,

v.                                   Case No. 06-10396

JOHN POTTER, POSTMASTER GENERAL,      HONORABLE AVERN COHN

       Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS[1]

### I.  Introduction

This is a federal employment discrimination case brought under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-16(c) (Title VII).  Plaintiff Denise Rosati (Rosati), proceeding pro se, was a United States Postal Service (USPS) employee working in the Roseville Post Office in Roseville, Michigan.  The defendant is John Potter, Postmaster General of the USPS.  Rosati claims that she was sexually harassed by a USPS co-worker, and that the USPS condoned the alleged conduct and fostered an improper work environment.

Before the Court is USPS' motion to dismiss for failure to exhaust administrative

---

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

remedies in a timely fashion.  Rosati has filed a response, and USPS has filed a reply.

For the reasons that follow, the motion is GRANTED and the case is DISMISSED.

## II.  Background

The facts as gleaned from the complaint and its attachments follow:

Rosati alleges that she was sexually harassed by a white male co-worker, Chuck

Lietaert (Lietaert), in June 2003.  Specifically, Rosati alleges that Lietaert and Rochelle

Barrett (Barrett) were "laughing and goofing around" while they changed light bulbs near

where Rosati was working.  Barrett then called out for Rosati to come see her.  Upon

approaching Barrett, Rosati alleges that Lietaert was on a mail case with his shorts

pulled to the side, exposing his erect penis.  Rosati went back to sorting mail, and

Barrett came over to ask what Rosati had seen.  Rosati replied by asking Barrett why

she would set her up for something like that.  Barrett replied that she did not know what

Lietaert was going to do.  The next day co-worker Greg Garroglia approached Rosati

and said, "I heard Chuck [Lietaert] gave you a show."  When asked about how he knew

of the incident, Garroglia replied, "Chuck tells me everything."

On October 6, 2003, Rosati began seeing an Employee Assistance Program

(EAP) counselor.  She intended to report the June 2003 incident to her counselor at her

third visit, but the session was cancelled.

Rosati says that in October 2003 she suffered a mental breakdown and entered

a hospital.  After discharge, she participated in counseling.  She says that on March 9,

2004, she finally reported the incident to her clinical psychologist, Dr. James F. Zender

(Dr. Zender).  Dr. Zender has diagnosed Rosati with depression and anxiety, and has

stated that her mental status made her unable to report the June 2003 incident prior to a

2

breakthrough in therapy on March 9, 2004.  On March 12, Rosati finally reported the incident to a USPS employee, Labor Relations Specialist Evelyn Naylor (Naylor).  USPS immediately began an investigation and initiated removal proceedings against Lietaert.

On April 26, 2004, Rosati contacted an EEO counselor to claim that she was subjected to sexual harassment and a hostile work environment.  When her claims could not be resolved informally, Rosati filed a formal EEO complaint claiming sex discrimination (female), race discrimination (white), and retaliation for prior EEO activity.  Rosati's complaint was dismissed on April 4, 2005, for failure to seek EEO counseling within 45 days.  See 29 C.F.R. § 1614.105(a)(1).  The ruling was appealed to the EEOC's Office of Federal Operations, which promptly affirmed the dismissal as untimely.  Rosati's request for reconsideration was also denied.

Rosati filed this case on January 30, 2006, claiming sexual harassment and fostering of an improper work environment.

### III.  Legal Standard

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true.  Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977).  "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."  Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### IV.  Analysis

### A. Administrative Exhaustion Requirement

USPS argues that Rosati's claim should be dismissed because Rosati failed to seek EEO counseling in a timely fashion as required by agency regulations.  Generally, a Title VII action cannot be brought until "rigorous administrative exhaustion requirements and time limitations" have been met.  Brown v. Gen. Services Admin., 425 U.S. 820, 833 (1976).  Therefore, an aggrieved party "must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1). EEOC decisions interpret "initiate contact" as requiring aggrieved employees to "contact an agency official logically connected to the EEO process and exhibit an intent to begin the EEO process."  Nygren v. Ashcroft, 109 Fed.Appx. 816, 819 (8th Cir. 2004) (unpublished); Pauling v. Sec'y of the Dep't of Interior, 960 F.Supp. 803 (S.D.N.Y. 1997).  Failure to seek timely EEO counseling is grounds for dismissal of Title VII claims.  Benford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991); McFarland v. Henderson, 307 F.3d 402, 406 (6th Cir. 2002).

By its terms, the EEOC regulation requires an aggrieved party to initiate contact with an EEO Counselor within 45 days of the claimed discrimination.  The relevant dates in this case are thus June 2003 (alleged discrimination) and April 26, 2004 (contact with EEO Counselor).  Rosati therefore contacted the EEO Counselor approximately eight and a half months late.

Rosati's claim that she contacted Naylor within 45 days of discussing the incident with her therapist is true, but without merit for at least two reasons.  First and foremost,

4

the 45-day statute of limitations began running on the date of the discrimination (June 2003), and not the date that the alleged discrimination was first discussed with a therapist (March 9, 2004).  Second, Rosati has not alleged that Labor Relations Specialist Naylor is logically connected to the EEO process.  Rather, as USPS' brief points out, Labor Relations Specialists primarily oversee compliance with collective bargaining agreements and administer USPS labor rules and regulations.

### B. Equitable Tolling

USPS also argues that the 45-day statute of limitations on Rosati's discrimination claim was not equitably tolled.  In an employment discrimination case, administrative time requirements can be subject to equitable tolling.  Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95 (1990); Boddy v. Dean, 821 F.2d 346, 350 (6th Cir. 1987).  However, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000).  If there are not "compelling equitable considerations," limitations periods should not be extended.  Id. at 561; see also Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 2000).

In her complaint, Rosati alleges that she was "medically unable to report or seek EEO Counseling regarding the exposure incident" until she had a breakthrough in therapy on March 9, 2004.  Ex. 1: Complaint, ¶¶ 17 & 26.  Rosati's argument that this entitles her to equitable tolling is without merit.  This is because if one accepts Rosati's argument that she was medically unable to report the incident until March 9, her claim is still time barred because she did not seek EEO Counseling until April 26.  This is some

5

three days after the 45-day time period expired.   Thus, there is no basis for equitable tolling.

SO ORDERED.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 25, 2006, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160

6